[Cite as *CitiMortgage, Inc. v. Firestone*, 2012-Ohio-2044.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | | C.A. No.    25959 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVE FIRESTONE, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | | CASE No.    CV-2008-02-1470 |

DECISION AND JOURNAL ENTRY

Dated: May 9, 2012

---

BELFANCE, Judge.

{¶1} Magda Firestone appeals from the trial court's granting summary judgment to CitiMortgage ("the Bank"). For the reasons set forth below, we reverse.

I.

{¶2} Mrs. Firestone and her husband Steve Firestone owned the property at issue in this case as joint tenants with the right of survivorship. In 2001, Mr. Firestone signed a "Balloon Note" ("the Note") for an amount of $285,350.00. Mr. Firestone also signed a mortgage ("the Mortgage"), which was dated the same day as the note. A signature that appears to be Mrs. Firestone's appears on the Mortgage as well, but Mrs. Firestone denies ever signing it. In addition to the two signatures, the initials of Mr. and Mrs. Firestone appear on each page of the Mortgage.

{¶3} Mr. Firestone passed away in 2004. On February 20, 2008, the Bank initiated a foreclosure action against Mrs. Firestone, seeking a finding of default on the Note, a declaratory

judgment that the Mortgage was a first lien on the property, and a foreclosure order "requiring that the proceeds of the sale * * * be applied to pay all amounts due * * * under the Note * * *." The Bank did not attach the Note to the complaint but did attach the Mortgage. On April 14, 2008, the Bank filed a copy of the Note as well as another copy of the Mortgage attached to the affidavit of Stanley Anya, an assistant vice president for the Bank.

{¶4}   Mrs. Firestone filed a motion to dismiss and counterclaimed against the Bank. In February 2009, the Bank moved for summary judgment on Mrs. Firestone's counterclaims. Mrs. Firestone did not timely respond to the Bank's motion for summary judgment; however, she did file an affidavit on April 13, 2009, in which she averred that she had never signed the Mortgage. On April 1, 2009, the trial court awarded the Bank summary judgment on Mrs. Firestone's counterclaims and scheduled a second pretrial conference for April 30, 2009.

{¶5}   On April 28, 2009, Mrs. Firestone filed leave for a continuance in which she informed the trial court that she would be out of town on April 30 and could not attend the pretrial conference. When Mrs. Firestone failed to appear at the pretrial conference, the trial court entered an adverse judgment against her and ordered the Bank to file a decree of foreclosure and a final judicial report with it within 30 days. However, the Bank did not comply with the order.

{¶6}   In February 2011, the Bank moved for summary judgment on its foreclosure action. Mrs. Firestone did not respond. The trial court determined that there was no genuine issue of material fact, granted the Bank's motion, and issued a decree of foreclosure. Mrs. Firestone has appealed, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT INCORRECTLY GRANTED SUMMARY JUDGMENT
IN FAVOR OF THE PLAINTIFF/APPELLEE, CITIMORTGAGE, INC.[,]
BECAUSE GENUINE ISSUES OF MATERIAL FACT REMAIN
UNRESOLVED IN THIS MATTER.

{¶7} In Mrs. Firestone's first assignment of error, she argues that the trial court erred when it awarded summary judgment to the Bank.

{¶8} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe–Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶9} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Evidence, in a summary judgment proceeding, includes timely filed "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any * * *." Civ.R. 56(C).

{¶10} To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the non-moving party "'must set forth specific facts showing that

there is a genuine issue for trial.'"  *Id.* at 293, quoting Civ.R. 56(E).  However, even if the non-moving party does not respond, summary judgment may be granted only if the movant has satisfied the prerequisites to summary judgment.  *See, e.g., Sacksteder v. Gisslen*, 2nd Dist. No. 24455, 2011-Ohio-6319, ¶ 7 ("Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law."); *see also Dresher* at 293.

{¶11}  "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due."  (Internal quotations and citations omitted.)  *Chase Home Fin., L.L.C. v. Heft*, 3rd Dist. Nos. 8-10-14, 8-11-16, 2012-Ohio-876, ¶ 25.  A foreclosure order must also determine the amounts due to all claimants.  *See CitiMortgage v. Arnold*, 9th Dist. No. 25186, 2011-Ohio-1350, ¶ 9, citing *Third Natl. Bank of Circleville v. Speakman*, 18 Ohio St.3d 119, 120 (1985).

{¶12}  There is no dispute that Mr. Firestone signed the Note and the Mortgage or that, at the time the Note and the Mortgage were executed, Mr. and Mrs. Firestone owned the property in question as joint tenants with a right of survivorship.  Thus, neither could encumber the entire property without the consent of the other.  *See* R.C. 5302.20(C)(4) ("Upon a determination by the court that a [creditor] has a valid lien against the interest of a survivorship tenant, the title to the real property ceases to be a survivorship tenancy and becomes a tenancy in common[,] * * * [and] [t]he court then may order the sale of the fractional interest of the lien debtor or debtors as on execution, and the proceeds of the sale shall be applied to pay the lien creditors in the order of their priority."); *see also White v. Parks*, 9th Dist. No. 24391, 2009-Ohio-703, ¶ 11  ("It is worth noting that, while the court can order the sale of the debtor's fractional interest, the lien creditor is not entitled to more than the *debtor's fractional interest* in the property and cannot collect on

its judgment from the non-debtor.") (Emphasis sic.). In other words, to the extent Mr. Firestone encumbered the property by signing the Note and the Mortgage, he only encumbered his ownership interest, not Mrs. Firestone's.

{¶13} While there is no dispute that Mr. Firestone signed the Note and the Mortgage, Mrs. Firestone averred in her affidavit filed April 13, 2009, over two years prior to the trial court granting summary judgment to the Bank, that she never signed the Mortgage. The Bank argues that this affidavit is irrelevant because, on April 30, 2009, the trial court entered judgment against Mrs. Firestone as a sanction for her failing to appear at the pretrial conference. Therefore, according to the Bank, the issue of whether it was entitled to foreclose on the property and receive the entire proceeds of the sale had already been decided.

{¶14} The Bank's argument would require this Court to ignore the procedural history of this case and the terms of the April 30, 2009 journal entry. In the April 30, 2009 order, the trial court entered judgment against Mrs. Firestone as a sanction for her nonappearance at the pretrial conference. The court's order did not contain any Civ.R. 54(B) language. In that entry, the trial court ordered the Bank to file a decree of foreclosure and a final judicial report within 30 days. However, the Bank never did so, and, thus, the adverse judgment never became final. Instead, the Bank filed a motion for summary judgment nearly two years later but did not mention the April 30, 2009 order. The trial court, in lieu of enforcing the April 30, 2009 order, considered the Bank's motion for summary judgment anew. In its order awarding summary judgment, the trial court stated that it was considering "the Complaint, the Motion for Summary Judgment, Affidavit and Certified Exhibits of the [Bank], the answer of [Mrs.] Firestone, and the evidence." It entered summary judgment for the Bank, implicitly reconsidering and modifying the April 30, 2009 order.

{¶15} Because the motion before the trial court was for summary judgment, it should have considered Mrs. Firestone's affidavit, which, when viewed in the light most favorable to her, creates a dispute of material fact as to the Bank's right to recover. Thus, the Bank was not entitled to summary judgment. Mrs. Firestone's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING MONETARY JUDGMENT IN FAVOR OF THE PLAINTIFF, CITIMORTGAGE, INC.

{¶16} Due to our resolution of Mrs. Firestone's first assignment of error, this assignment of error is moot. *See* App.R. 12(A)(1)(C)

ASSIGNMENT OF ERROR III

THE TRIAL COURT IMPROPERLY GRANTED JUDGMENT IN FAVOR OF THE PLAINTIFF[], CITIMORTGAGE, INC[.], WHEN THE DEFENDANT, MAGDA PENA FIRESTONE[,] FAILED TO APPEAR AT THE PRETRIAL SCHEDULED FOR APRIL 30, 2009.

{¶17} In Mrs. Firestone's third assignment of error, she argues that the trial court abused its discretion when it entered adverse judgment against her. However, as discussed above, the trial court reconsidered the adverse judgment sanction when it considered the Bank's motion for summary judgment and entered judgment on that basis. Accordingly, this assignment of error is moot. *See* App.R. 12(A)(1)(c).

III.

{¶18} Magda Firestone's first assignment of error is sustained, and her remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

MARCUS M. LOMBARDI, Attorney at Law, for Appellant.

ERIC T. DEIGHTON, Attorney at Law, for Appellee.