[Cite as *Wells Fargo v. Burrows*, 2012-Ohio-5995.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | | C.A. No.     26326 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES R. BURROWS, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | | CASE No.     CV 2009129230 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2012

CARR, Judge.

{¶1}    Appellants, James R. Burrows and Debra K. Burrows, appeal the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands this matter to the trial court for the complaint to be dismissed.

I.

{¶2}    On August 2, 2005, the Burrows executed a note for $162,800 in favor of World Savings Bank, FSB, for property located at 5209 Topaz Drive in Hudson, Ohio.  The note was secured by an open-end mortgage.

{¶3}    Wells Fargo filed the instant foreclosure action on December 29, 2009.  On March 2, 2010, the Burrows filed a motion to dismiss the complaint on the basis that Wells Fargo did not have standing.  Wells Fargo filed a brief in opposition to the motion on March 30, 2010.  The trial court subsequently denied the motion to dismiss in a journal entry issued on April 23, 2010.

{¶4} On December 20, 2011, Wells Fargo filed a motion for summary judgment. On the same day, the Burrows filed their own motion for summary judgment. The parties filed briefs in response to the respective motions. On February 1, 2012, the trial court granted Wells Fargo's motion for summary judgment and denied the Burrows' motion for summary judgment.

{¶5} The Burrows filed a notice of appeal on March 1, 2012. On appeal, they raise one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN CONCLUDING THAT PLAINTIFF-APPELLEE WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON ITS FORECLOSURE COMPLAINT.

{¶6} In their sole assignment of error, the Burrows contend that the trial court erred in granting Wells Fargo's motion for summary judgment. This Court agrees.

{¶7} In support of their assignment of error, the Burrows contend that Wells Fargo failed to establish that it had standing in this matter. The Burrows assert that in granting Wells Fargo's motion for summary judgment, the trial court erroneously relied on its prior ruling denying the Burrows' motion to dismiss the complaint. The Burrows emphasize that Wells Fargo never recorded any form of assignment of the underlying note and mortgage, nor did it establish in its complaint that it was the current holder of the note and mortgage. The Burrows conclude that because Wells Fargo failed to demonstrate that it had standing to prosecute its foreclosure claim, the trial court erred in granting summary judgment in favor of Wells Fargo.

{¶8} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and

resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). We note that the scope of this appeal is limited to the trial court's decision to grant Wells Fargo's motion for summary judgment. The Burrows have not argued that the trial court erred in denying their competing motion for summary judgment.

{¶9} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶10} "We note that [a] foreclosure requires a two[-]step process." (Internal quotations and citations omitted.) *Natl. City Mtge. v. Skipper,* 9th Dist. No. 24772, 2009-Ohio-5940, ¶ 25. "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.) *CitiMortgage, Inc. v. Firestone*, 9th Dist. No. 25959, 2012–Ohio–2044, ¶ 11. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and citations omitted.) *Skipper* at ¶ 25. As the Ohio Supreme Court recently decided, before a court can consider this, however, the plaintiff must establish that it has standing to proceed. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, Slip Opinion No. 2012-Ohio-5017.

{¶11} Civ. R. 17(A) states, in a pertinent part:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a

party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought.

{¶12} "'In foreclosure actions, the real party in interest is the current holder of the note and mortgage.'" *U.S. Bank, N.A. v. Richards*, 189 Ohio App.3d 276, 2010-Ohio-3981, ¶ 13 (9th Dist.), quoting *Everhome Mtge. Co. v. Rowland*, 10th Dist. No. 07AP-615, 2008-Ohio-1282, ¶ 12. Civ.R. 17(A) is not applicable "unless the plaintiff ha[s] standing to invoke the jurisdiction of the court in the first place * * *." *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092, ¶ 21.

{¶13} The trial court decided that Wells Fargo had standing when it granted it summary judgment. In reaching this conclusion, it relied on its erroneous denial of the Burrows' motion to dismiss and an affidavit attached to the motion for summary judgment. In its recent foreclosure decision, the Supreme Court held that because standing is required to invoke the jurisdiction of the common pleas court, "standing is to be determined as of the commencement of suit." *Schwartzwald* at ¶ 24, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-571 (1992). A party may not later rely on the Rules of Civil Procedure to cure a lack of standing when it has failed to demonstrate that it had standing at the time the complaint was filed. *Schwartzwald* at ¶ 37-38. The high court concluded that "[t]he lack of standing at the commencement of a foreclosure action requires dismissal of the complaint[.]" *Id*. at ¶ 40.

{¶14} A review of Wells Fargo's complaint does not demonstrate that it had standing at the time it filed its foreclosure complaint. In the caption, Wells Fargo identified itself as the "successor by merger to Wachovia Bank[.]" In paragraph two of the complaint, however, Wells Fargo stated that the note and mortgage "ha[d] been assigned to Plaintiff as evidenced by the assignment of mortgage, a copy of which is attached hereto and marked as EXHIBIT 'C'." While Wells Fargo attached several documents to the complaint, including the note and

mortgage, no such assignment was attached. Both the note and mortgage identified the Burrows as the borrowers, and World Savings Bank, FSB, as the lender. Wells Fargo did not allege in the complaint that it was a successor to the note and mortgage due to a merger and name change. Nothing in Wells Fargo's complaint would suggest that it had standing to pursue the foreclosure claim.

{¶15} Thus, Wells Fargo lacked standing to bring the foreclosure action against the Burrows. It was required to demonstrate that it had standing to invoke the jurisdiction at the time the complaint was filed, and it failed to do so in the complaint and the documents attached thereto. As such, the trial court erred in granting summary judgment in favor of Wells Fargo because it was not entitled to judgment as a matter of law. Pursuant to the Supreme Court's decision in *Schwartzwald*, we are required to sustain the Burrows' assignment of error, reverse summary judgment, and order the trial court to dismiss the complaint without prejudice.

III.

{¶16} The Burrows' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded, for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

MARK B. WEISMAN, Attorney at Law, for Appellants.

DARRYL E. GORMLEY, Attorney at Law, for Appellee.