[Cite as *Third Fed. Sav. & Loan Assoc. of Cleveland v. Schlegel*, 2013-Ohio-1978.]

| | |
|---|---|
| STATE OF OHIO )<br>)ss:<br>COUNTY OF SUMMIT ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |

| | |
|---|---|
| THIRD FEDERAL SAVINGS & LOAN<br><br>　　　Appellee<br><br>　　　v.<br><br>PAMELA M. SCHLEGEL, et al.<br><br>　　　Appellant | C.A. No.　　26505<br><br><br>APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.　　CV 2011 08 4889 |

DECISION AND JOURNAL ENTRY

Dated: May 15, 2013

WHITMORE, Judge.

{¶1}　Defendant-Appellant, Pamela Schlegel fka Pamela Wahlgren, appeals from the judgment of the Summit County Court of Common Pleas in favor of Third Federal Savings and Loan Association of Cleveland ("Third Federal"). This Court reverses.

I

{¶2}　On November 14, 2005, Jeffrey Wahlgren executed a promissory note ("the Note") in favor of Third Federal in the amount of $117,000. Although Wahlgren and Schlegel were married at the time Wahlgren executed the Note, Schlegel did not sign it. She did, however, sign a mortgage ("the Mortgage") that was executed on the same day to secure the Note. The Mortgage identified both Wahlgren and Schlegel as borrowers and mortgaged real property located at 1196 Millhaven Drive to Third Federal as security for the $117,000 loan. There is no dispute that: (1) the property was jointly titled to Wahlgren and Schlegel (under her

former name); (2) Wahlgren and Schlegel divorced in 2009; and (3) the property remained jointly titled after their divorce.

{¶3} Wahlgren died on March 19, 2011. On August 30, 2011, Third Federal filed a complaint against Schlegel, seeking to accelerate the balance due on the Note and to foreclose on the Mortgage.[1] Third Federal then moved for summary judgment, and Schlegel filed a memorandum in opposition to summary judgment. The court ultimately granted Third Federal's motion for summary judgment and issued a decree of foreclosure.

{¶4} Schlegel now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF/APPELLEE WHEN MATERIAL FACTS ARE IN DISPUTE AS TO WHETHER THE PLAINTIFF/APPELLEE HAD THE ABSOLUTE RIGHT TO ACCELERATE THE BALANCE DUE ON THE NOTE AND FORECLOSE ON THE PROPERTY.

{¶5} In her sole assignment of error, Schlegel argues that the trial court erred by granting Third Federal's motion for summary judgment. Specifically, she argues that genuine issues of material fact exist because Third Federal failed to show that a default on the Note occurred, that it had a right to accelerate the balance due on the note, and that it gave Schlegel proper notice of acceleration.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

---

[1] Although the complaint also named several other individuals and entities as defendants, we need not discuss the other defendants for purposes of this appeal.

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶7} This Court has held that "foreclosure requires a two[-]step process." *Wells Fargo v. Burrows*, 9th Dist. No. 26326, 2012-Ohio-5995, ¶ 10, quoting *Natl. City Mtge. v. Skipper*, 9th Dist. No. 24772, 2009-Ohio-5940, ¶ 25. "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.) *CitiMortgage, Inc. v. Firestone*, 9th Dist. No. 25959, 2012-Ohio-2044, ¶ 11. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and citations omitted.) *Skipper* at ¶ 25.

{¶8}   In support of its motion for summary judgment, Third Federal attached the Note, the Mortgage, an affidavit from one of its employees, and a copy of Wahlgren's annual loan statement for the time period between January 2009 and July 2011.  Third Federal sought to establish a default by virtue of Wahlgren's death.  David Shelton, a legal analyst for Third Federal and its affiant, averred in his affidavit that "[d]efault of payment pursuant to the terms of the Note and Mortgage has occurred due to the death of the borrower, Jeffery L. Wahlgren."  Third Federal identified the default date as May 1, 2011, and asserted that the default gave it the right to accelerate the balance due on the Note and to foreclose on the Mortgage.

{¶9}   The Note defines a default of payment as a failure of the borrower to "pay the full amount of each monthly payment on the date it is due."  Per the Note, the borrower's payment of $731.85 was due on the first of each month.  The annual loan statement that Third Federal attached to its motion reflects that Third Federal continued to receive payments of $731.85 after Wahlgren's death.  The last payment reflected on the statement was made on July 9, 2011.

{¶10}  In her memorandum in opposition to summary judgment, Schlegel attached her own affidavit.  Schlegel averred that, per the terms of her and Wahlgren's divorce decree, she was to keep the house.  She averred that she was the one who paid the Mortgage after the divorce and that she made five monthly payments to Third Federal after Wahlgren's death in March 2011.  Schlegel further stated that, although she had tendered another $1,000 check to Third Federal on August 2, 2011, Third Federal returned the check to her.  Up until that point, Schlegel averred, she "was current and timely making the payments on Third Federal's Mortgage * * *."  Schlegel also stated that she had lived at the property since she and Wahlgren purchased it, her name was on the title, and she intended to reside there in the future.

{¶11} Third Federal did not file a reply brief in response to Schlegel's memorandum in opposition. In ruling on Third Federal's motion, the trial court found that "the terms of the Note and Mortgage have been breached by reason of non-payment from May 1, 2011 due to the death of Jeffrey L. Wahlgren, the maker of the Note, and [] Third Federal is entitled to accelerate the balance due and owing." The court's entry did not include any discussion about the payments that Schlegel tendered to Third Federal. It also failed to include any discussion of "the equities of the situation." *Skipper*, 2009-Ohio-5940, at ¶ 25.

{¶12} As previously set forth, the Note only defined a default of payment as the borrower's failure to "pay the full amount of each monthly payment on the date it [was] due." The Mortgage defined "Borrower" as "JEFFREY L WAHLGREN AND PAMELA M WAHLGREN, HUSBAND AND WIFE," and there was evidence before the court that Schlegel continued to make payments to Third Federal after Wahlgren's death. Indeed, Schlegel averred that she was the one who had paid the Mortgage since the parties' divorce in 2009.

{¶13} To foreclose upon the property at issue here, Third Federal had to prove that a default on the Note occurred. *Firestone*, 2012-Ohio-2044, at ¶ 11. Third Federal did not point to any provision in either the Note or the Mortgage about what effect, if any, Wahlgren's death would have upon the continued timely payments of the mortgage. Instead, Third Federal construed Wahlgren's death as an automatic trigger for default due to non-payment. The Note, however, defined default for non-payment as the borrower's failure to "pay the full amount of each monthly payment on the date it is due." There was evidence that Schlegel, a "Borrower" per the definition in the Mortgage, made timely payments to Third Federal. Third Federal never explained why a default occurred in spite of its acceptance of payments from one of the individuals defined as a borrower in the Mortgage. Although Third Federal's Master Mortgage

Form provides that co-signers[2] are not personally obligated to pay the sum secured by the Mortgage, it does not appear to prohibit a co-signer from paying the sum. As the summary judgment movant, it was Third Federal's burden to demonstrate the absence of a genuine issue of material fact with regard to whether a default occurred. The record does not support the conclusion that Third Federal met its burden.

{¶14} The record also does not support the conclusion that the trial court properly considered the equities before ordering foreclosure. As set forth above, foreclosure is a two-step process. *Burrows*, 2012-Ohio-5995, at ¶ 10, quoting *Skipper*, 2009-Ohio-5940, at ¶ 25. Before a court may order foreclosure, it " must [] consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and citations omitted.) *Skipper* at ¶ 25. There is no indication in the record that the court considered whether or not it was equitable to foreclose given the specific facts and circumstances here. Thus, even if we were to assume that Wahlgren's death constituted a default under the terms of the Note and the Mortgage, this Court would still conclude that the trial court erred by granting Third Federal's motion for summary judgment because it did so without first considering whether equity favored foreclosure.

{¶15} For the foregoing reasons, we conclude that the trial court erred by granting Third Federal's motion for summary judgment. Consequently, Schlegel's sole assignment of error is sustained.

---

[2] The Master Mortgage Form defines a co-signer as a borrower who has signed a mortgage, but not the note secured by the mortgage.

7

III

{¶16} Schlegel's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MARK E. OWENS and JULIUS P. AMOURGIS, Attorneys at Law, for Appellant.

DEAN K. HEGYES, Attorney at Law, for Appellee.