[Cite as *ABL, Inc. v. CTW Dev. Corp.*, 2016-Ohio-759.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ABL, INC., | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 15 MA 20 |
| V. | ) | |
| | ) | OPINION |
| C.T.W. DEVELOPMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Mahoning County
                               Court #4 of Mahoning County, Ohio
                               Case No. 2014 CVF 01065 AUS

JUDGMENT:                      Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellant        Attorney Dale E. Bricker
                               100 DeBartolo Place, Suite #160
                               P.O. Box 3232
                               Youngstown, Ohio 44513

For Defendant-Appellee         Attorney Christopher J. Gagin
                               970 Windham Court, Suite 7
                               Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: February 23, 2016

DONOFRIO, P.J.

{¶1} Plaintiff-appellant, ABL, Inc., dba American Beauty Landscaping, appeals from a Mahoning County Court No. 4 judgment granting summary judgment to defendant-appellee, C.T.W. Development Corporation, on appellant's complaint alleging money owed for landscaping services.

{¶2} Appellant filed a complaint on December 2, 2013, alleging that appellee owed it $14,209.37 for landscaping services it provided to appellee. It attached an invoice detailing the work performed and the amount owed.

{¶3} Appellee filed an answer and counterclaim. It asserted that it settled its account with appellant in full by way of an accord and satisfaction on July 31, 2013. It alleged that it received an offer of accord and satisfaction from HF Holdings, Inc. (HF), which it alleged was appellant's authorized agent, to settle its debt with appellant for $5,000. It further asserted that it paid this amount to appellant. Appellee attached a copy of a letter from HF to it stating that appellant had agreed to accept $5,000 as full payment of the debt owed to it by appellee as well as a copy of an electronic funds transfer made out to appellant in the amount of $5,000. Appellee also raised a counterclaim for breach of contract.

{¶4} Appellant replied to the counterclaim stating that HF was not authorized to make an accord and satisfaction offer on its behalf and it never received the $5,000 payment from either appellee or HF.

{¶5} Next, appellee filed a motion for summary judgment, again relying on the letter from HF to it stating that appellant accepted the settlement of $5,000 and a copy of the electronic funds transfer made out to appellant in the amount of $5,000.

{¶6} The trial court set the matter for an August 25, 2014 non-oral hearing on appellee's summary judgment motion.

{¶7} On September 8, 2014, a magistrate issued a decision sustaining appellee's motion for summary judgment. In his decision, the magistrate addressed the copy of the letter from HF to appellee and the copy of the check from appellee to appellant. The magistrate found that neither of these documents was incorporated within the summary judgment motion by way of a properly framed affidavit. Therefore, the magistrate found that the documents had no evidentiary value and he

would not consider them in ruling on the summary judgment motion. Next, the magistrate pointed out that appellant had not filed a response to the summary judgment motion. The magistrate found that once appellee filed a motion for summary judgment asserting no genuine issue of material fact, the burden was on appellant to offer some proof of a genuine issue of material fact. Because appellant failed to file a response in opposition, the magistrate found there was no genuine issue as to any material fact and awarded summary judgment to appellee.

{¶8} One day after the magistrate issued his decision, and before appellant received a copy of the decision, appellant filed its response in opposition to the summary judgment motion.

{¶9} After receiving the magistrate's decision, appellant filed objections asserting that (1) the court failed to inform it as to when a response was due to the summary judgment motion and (2) even without a response, summary judgment was not proper.

{¶10} The trial court overruled appellant's objections and entered judgment in favor of appellee. Appellant filed a timely notice of appeal on January 30, 2015.

{¶11} Appellant raises a single assignment of error. It reads:

> The trial court erred in adopting the magistrate's decision granting summary judgment in favor of defendant and dismissing plaintiff's complaint. The trial court failed to give plaintiff notice as to when it would hold a non-oral hearing on the defendant's motion for summary judgment. The magistrate's holding that the attachments to defendant's motion consisting of a settlement offer by a collections agency (made without notice or authorization by plaintiff) and a copy of defendant's check was not admissible because there was no supporting affidavit [sic] was inconsistent with the granting of summary judgment in favor of defendant. Civil rule 56(e) reads in part: "If the party does not respond, summary judgment if appropriate shall be entered against the party". It was not appropriate in this case, because defendant's motion

was unsupported.

**{¶12}** Appellant argues the trial court should not have granted appellant's summary judgment motion.

**{¶13}** First, it asserts the trial court was required to inform it of the date by which it had to respond to appellee's summary judgment motion. It contends its counsel did not receive notice of the non-oral hearing that the court scheduled for August 25, 2014.

**{¶14}** Second, appellant argues the lack of a response to a motion for summary judgment does not automatically entitle the moving party to summary judgment. It notes that in this case, appellee's summary judgment motion was not supported by any affidavits and the magistrate stated that he would not consider the exhibits attached to the motion because they did not comply with Civ.R. 56(C). Appellant argues that without the exhibits, appellee had no evidence to support its position.

**{¶15}** An appellate court reviews the granting of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

**{¶16}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. No. 27799, 2015-Ohio-4167, ¶8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor

of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129.

**{¶17}** First, we must address appellant's allegations that it did not receive notice of the non-oral hearing and the trial court did not notify it as to when its response to appellee's motion for summary judgment was due.

**{¶18}** The docket contains a copy of a notice stating that this case was assigned for non-oral hearing on appellant's motion for summary judgment on Monday August 25, 2014, at 12:00 p.m. The notice is dated July 23, 2014. The bottom of the notice indicates that copies were sent to both appellant's and appellee's counsel.

**{¶19}** Appellant's counsel alleges that he never received this notice, so he was unaware of the deadline to file his response to the summary judgment motion.

**{¶20}** But counsel does not take into consideration Mahoning County Area Court Local Rule 8(C), which provides that each party opposing a motion "shall serve and file within fourteen (14) days thereafter a brief written statement of reasons in opposition to the motion and a list of citations of the authorities on which he or she relies."

**{¶21}** "A trial court need not notify the parties of the date of consideration of a motion for summary judgment or the deadlines for submitting briefs and Civ.R. 56 materials if a local rule of court provides sufficient notice of the hearing date or submission deadlines." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, syllabus.

**{¶22}** Pursuant to the Local Rule, appellant had 14 days from the date of appellee's summary judgment motion (July 21, 2014) to file a response thereto. The trial court did not need to provide appellant with notice of when its response was due. Pursuant to *Hooten*, supra, the trial court had no duty to notify the parties of the hearing date or submission deadline because Local Rule 8(C) provided them with sufficient notice.

**{¶23}** Turning to the merits of appellant's claim, the magistrate's decision indicates the magistrate granted appellee's motion on the basis that appellant did not

respond to the motion. The magistrate's decision states:

> As the Defendant correctly notes it is the burden of the moving party to initially show that there is no genuine issue as the [sic.] material fact. * * * By virtue of the moving party filing a motion for summary judgment the non-moving party, here the Plaintiff, is then forced to produce evidence on any issue for which that party bears the burden of proof. * * * As indicated, the Defendant [sic.] has filed no response in opposition to the Defendant's motion for summary judgment and attached thereto an affidavit or any other type of information cognizable under O.R.Civ.P. 56 for the Court's consideration. Under those circumstances, the Magistrate finds that there is no genuine issue as to any material fact.

{¶24} The trial court adopted the magistrate's decision without making any additional findings. Thus, the basis for the magistrate's, and the court's, decision is that appellant failed to file a response to the summary judgment motion.

{¶25} But the fact that the non-moving party failed to file a timely response in opposition to a motion for summary judgment, standing alone, is not a proper basis on which to grant summary judgment. "[E]ven if the non-moving party does not respond, summary judgment may be granted only if the movant has satisfied the prerequisites to summary judgment." *CitiMortgage, Inc. v. Firestone*, 9th Dist. No. 25959, 2012-Ohio-2044, ¶10.

{¶26} Civ.R. 56(E) provides in part that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, *if appropriate,* shall be entered against

the party.

(Emphasis added.)

**{¶27}** Civ.R. 56(E) states that even if the non-moving party fails to respond to the summary judgment motion, summary judgment is not automatic. Instead, the trial court shall only enter summary judgment if it is appropriate. We must determine if summary judgment was appropriate here.

**{¶28}** Pursuant to Civ.R. 56(C):

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

**{¶29}** In this case, appellee attached two items to its summary judgment motion, a copy of a letter from HF to it extending an offer to settle its account with appellant for $5,000 and a copy of an electronic funds transfer slip made out to appellant from appellee in the amount of $5,000. These two items were not authenticated by an affidavit. Copies of documents are not proper summary judgment evidence under Civ.R. 56(C). Therefore, the magistrate properly excluded them when ruling on appellee's motion.

**{¶30}** Civ.R. 56 does not require the moving party to support its motion for summary judgment with any affirmative evidence such as affidavits. *Dresher*, 75 Ohio St.3d at 292. Nonetheless, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Id.* In doing so, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Id.* at 292-293.

{¶31} In this case, the only Civ.R. 56(C) evidence properly in the record was the pleadings.

{¶32} In its complaint, appellant asserted that appellee owed it $14,209.37 for landscaping services it provided. Appellant attached a copy of the invoice to the complaint.

{¶33} In its answer and counterclaim, appellee asserted that it settled its account with appellant in full by way of an accord and satisfaction. In support, appellee attached a copy of the letter from HF to it setting out the terms of the settlement and a copy of the electronic funds transfer slip made out to appellant. These were the same items appellee attached to its summary judgment motion.

{¶34} In its reply to the counterclaim, appellant explicitly denied that HF was authorized to make an offer of accord and satisfaction on its behalf. Appellant also stated that the alleged offer is not signed and it was unaware of its existence prior to the receipt of the counterclaim. Additionally, appellant denied ever receiving a payment from appellee or HF in the amount of $5,000.

{¶35} Given the allegations in the pleadings, summary judgment was not appropriate. There are genuine issues of material fact as to whether appellant agreed to an accord and satisfaction to settle its account with appellee and whether appellant ever received the check appellee issued. Therefore, the trial court erred in granting appellee's motion for summary judgment.

{¶36} Accordingly, appellant's sole assignment of error has merit.

{¶37} For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs.

DeGenaro, J., concurs.