[Cite as *ABL, Inc. v. C.T.W. Dev. Corp.*, 2017-Ohio-9071.]
STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ABL, INC. | ) | CASE NO. 16 MA 0146 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| C.T.W. DEVELOPMENT CORP. | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the County Court
                              No. 4, of Mahoning County, Ohio
                              Case No. 2014 CVF 01065

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellant:       Atty. Dale E. Bricker
                               100 DeBartolo Place, Suite #160
                               P.O. Box 3232
                               Youngstown, Ohio  44513

For Defendant-Appellee:        Atty. Christopher J. Gagin , Esq.
                               McCamic, Sacco, & McCoid, PLLC
                               56 14th Street
                               Wheeling, West Virginia  26003

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                              Dated:  December 15, 2017

WAITE, J.

**{¶1}** Appellant American Beauty Landscaping, Inc. ("ABL") appeals an August 11, 2016 Mahoning County Court No. 4 judgment entry. ABL argues the trial court erroneously determined that Appellee CTW Development Corporation's ("CTW") debt was satisfied through an accord and satisfaction because the third-party collection agency lacked authority to enter into a settlement with CTW. Alternatively, ABL argues that the trial court erroneously calculated CTW's debt. For the reasons provided, ABL's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** ABL is a lawn service provider and CTW is a corporation that owns several properties in Mahoning County. In 2011, ABL and CTW entered into a contract in which ABL agreed to provide lawn services for twelve of CTW's properties. CTW paid for services performed by ABL from April 8, 2011 until May 1, 2012. CTW did not pay for services completed during the month of May. In June of 2012, CTW terminated the contract due to ABL's poor performance. ABL labeled CTW's account delinquent in the amount of $14,209.37. CTW disputed this amount.

**{¶3}** In February of 2013, ABL retained HF Holdings, Inc., ("HF"), a Florida based collection agency, to collect CTW's debt. HF sent CTW multiple letters in an attempt at collection. On July 31, 2013, CTW offered HF $3,500 to settle the account. HF rejected the offer and countered with an offer to settle the account for $5,000, if paid by 3:00 p.m. on that day. CTW agreed, and electronically transferred $5,000 to HF on July 31, 2013. HF failed to notify or seek approval from ABL before

making the settlement offer and entering into the agreement, and failed to send the $5,000 it received from CTW to ABL.

{¶4} On December 2, 2013, ABL filed a complaint against CTW seeking judgment in the amount of $14,209.37. On December 19, 2013, CTW filed an answer and counterclaim asserting that the debt had been satisfied by accord and satisfaction on July 31, 2013. On January 13, 2014, ABL filed a response to the counterclaim, arguing that HF lacked authority to negotiate and accept a settlement and had not sent to ABL any money on CTW's account. Importantly, neither party sought to add HF as a party to this lawsuit.

{¶5} On July 21, 2014, CTW filed a motion for summary judgment. ABL did not respond to the motion nor did it file its own motion for summary judgment. On September 8, 2014, the magistrate granted CTW's motion for summary judgment based on ABL's failure to respond. The trial court affirmed the magistrate's decision. On appeal, we reversed the trial court's decision in *ABL, Inc. v. CTW Dev. Corp.*, 7th Dist. No. 15 MA 20, 2016-Ohio-759.

{¶6} On remand, the case proceeded to a bench trial, where each party presented witness testimony and exhibits. On May 16, 2016, the magistrate determined that the total delinquent amount due to ABL by CTW was $6,955.38, not $14,209.37. The magistrate then found that because ABL did not consent to the settlement, HF lacked actual authority to enter into an accord and satisfaction with CTW. However, it does not appear as though the magistrate made a finding as to whether HF had apparent authority. Regardless, the magistrate ruled that CTW

should be given credit for the $5,000 it paid to HF. Accordingly, it entered judgment in favor of ABL in the amount of $1,955.38. While both parties filed objections to the magistrate's decision, neither party provided transcripts of the magistrate's hearing to the trial court. The court held its own hearing, at which counsel for CTW appeared but counsel for ABL waived appearance. The parties also failed to provide transcripts of this hearing for the record on appeal. The trial court overruled the magistrate's decision and determined that a valid accord and satisfaction existed between CTW and ABL and that no additional payments were due. This timely appeal followed.

### Appellate Record and Standard of Review

{¶7} An appellant bears the duty of providing a transcript for appellate review. *Taylor v. Collier,* 2015-Ohio-4099, 43 N.E.3d 810, ¶ 11 (7th Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). As Appellant failed to provide any trial transcripts in this matter, we must presume the regularity of the trial court's proceedings. *Grenga v. Ohio Edison Co.*, 7th Dist. No. 03 MA 41, 2004-Ohio-822, ¶ 14, citing *Milick v. Ciapala*, 7th Dist. No. 02-CA-53, 2003-Ohio-1427.

{¶8} Also, when the objecting party fails to make the transcripts part of the record, an appellate court is limited to reviewing "whether the trial court's application of the law to its factual findings" amounted to an abuse of discretion. *Spotsylvania Mall Co. v. Nobahar*, 7th Dist. No. 11 MA 82, 2013-Ohio-1280, ¶ 16, citing *State ex*

*rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995).

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN HOLDING THAT THERE WAS AN ACCORD AND SATISFACTION OF PLAINTIFF'S CLAIM. THE DEFENDANT'S CLAIM OF AN ACCORD AND SATISFACTION IS BASED ON AN UNSIGNED LETTER RECEIVED FROM HF HOLDINGS, INC. (HF HOLDINGS), A FLORIDA COLLECTION AGENCY STATING PLAINTIFF WAS WILLING TO OFFER AS AN ACCORD AND SATISFACTION TO SETTLE ITS CLAIM FOR $5,000.00. SAID OFFER WAS MADE WITHOUT THE KNOWLEDGE OR CONSENT OF PLAINTIFF. HF HOLDINGS DID NOT HAVE EITHER ACTUAL OR APPARENT AUTHORITY TO MAKE SUCH AN OFFER. THE DEFENDANT SENT THE $5,000.00 TO HF HOLDINGS. AGAIN PLAINTIFF WAS NOT AWARE OF THIS. THE MAGISTRATE IN HIS DECISION CORRECTLY STATED THAT THE LETTER WAS HEARSAY AND HAD NO PROBATIVE VALUE.

**{¶9}** "[A]ccord and satisfaction involves the creation of a new agreement between the parties." *Allen v. R.G. Indus. Supply*, 66 Ohio St.3d 229, 233, 611 N.E.2d 794 (1993), citing *AFC Interiors v. DiCello*, 46 Ohio St.3d 1, 8, 544 N.E.2d 869 (1989) (H. Brown, J., dissenting on other grounds.) "An accord is a contract between a debtor and a creditor in which the creditor's claim is settled in exchange

for a sum of money other than that which is allegedly due. Satisfaction is the performance of that contract." *Allen* at 231, citing *Air Van Lines, Inc. v. Buster*, 673 P.2d 774, 777 (Alaska 1983).

**{¶10}** ABL argues that HF did not notify or consult with them prior to entering into the settlement agreement with CTW, a violation of the express terms of the contract between ABL and HF. ABL contends that there is nothing to suggest that HF had actual or apparent authority to settle the claim and urges that its hiring of HF for collection work does not in and of itself create apparent authority in HF.

**{¶11}** CTW responds by explaining that after HF contacted it to collect the CTW debt, it offered HF $3,500 to settle the claim in full. HF rejected the offer and countered with a settlement offer of $5,000. CTW argues that a record of this $5,000 electronic fund transfer from CTW to HF was admitted into evidence and that the $5,000 payment constitutes consideration. CTW argues that this evidence demonstrates that the debt was resolved pursuant to a valid accord and satisfaction. As to the issue of whether HF had authority to settle the claim, CTW argues that the trial court properly relied on a July 31, 2013 letter detailing the settlement agreement to support CTW's reliance on HF's apparent authority.

**{¶12}** When a defendant pleads accord and satisfaction, a court is to conduct a three-part analysis. *Allen* at 231. "First, the defendant must show that the parties went through a process of offer and acceptance—an accord. Second, the accord must have been carried out—a satisfaction. Third, if there was an accord and satisfaction, it must have been supported by consideration." *Id.* at 231-232.

**{¶13}** The magistrate determined that HF lacked actual authority to enter into an accord and satisfaction. The magistrate ruled that although ABL did not object to the July 31, 2013 letter on which CTW relied to show HF's authority, this letter was hearsay and lacked probative value. It is unclear whether the trial court relied on the letter in overruling the magistrate's decision.

**{¶14}** In relevant part, the letter states:

Confirming our conversation, our client is agreeable, on an accord and satisfaction basis, to reduce your outstanding obligation owed from the amount of $16,962.63 to the amount of $5000.00 as full and final satisfaction of all money due, with regards to the above referenced matter. This settlement is contingent upon receipt of your check in the amount of $5000.00 today. It is agreed that you will fax a copy of your check by absolutely no later than 3:00 p.m. EST today. * * *

Upon Clearance of the aforementioned funds, all money owed to American Beauty Landscaping from CTW Development will be considered paid in full.

(5/31/16 Objections to the Mag. Dec., Exhibit 9).

**{¶15}** As a threshold matter, we note that the letter does not constitute hearsay. Pursuant to Evid.R. 801(D)(2), an admission by a party opponent is not hearsay when:

The statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity, or (b) a

statement of which the party has manifested an adoption or belief in its truth, or (c) a statement by a person authorized by the party to make a statement concerning the subject, or (d) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy.

**{¶16}** The letter was written by Basil Hamdan, an employee of HF. ABL admitted that HF was its collection agent at the time the letter was sent. The letter concerns collection of CTW's debt, which is within the scope of the relationship between HF and ABL. As such, the letter is not hearsay.

**{¶17}** ABL also argues that the letter is unsigned. However,

It is only "where the parties intend that there be no contract until the agreement is reduced to writing and signed, or that the contract is to be reduced to writing and signed before the agreement is finally consummated" that "no contract exists when the written agreement is neither signed nor approved by one of the parties."

*PNC Mtge. v. Guenther,* 2d Dist. No. 25385, 2013-Ohio-3044, ¶ 15, citing *Union Sav. Bank v. White Family Cos., Inc.,* 183 Ohio App.3d 174, 2009-Ohio-2075, 916 N.E.2d 816, ¶ 26 (2d Dist.). Here, it appears that the letter merely represents a

memorialization of the parties' oral agreement. As such, there is no evidence that the parties intended the contract to be conditioned on a signed agreement.

**{¶18}** Our review of this matter is hampered by the absence of hearing transcripts. Neither ABL nor CTW filed transcripts along with their objections to the magistrate's decision. The transcripts from the trial court's hearing are also not a part of this record. Additionally, while in the trial court's brief judgment entry the court determined that the parties negotiated and executed an accord and satisfaction on July 31, 2013, the court did not provide analysis or explanation. Again, our standard of review is to look to whether the trial court's application of the law to its factual findings amounts to an abuse of discretion.

**{¶19}** As earlier stated, to find a valid accord and satisfaction, three elements must be satisfied. First, there must evidence of an offer and acceptance of the parties – an accord. Here, CTW originally offered HF $3,500 to settle the debt. HF rejected the offer and countered with an offer of $5,000 on the condition that the money would be received by 3:00 p.m. on that day. CTW accepted the offer. Based on this, the record contains evidence of an accord. Second, there must be evidence of satisfaction. The record reflects an electronic transfer of $5,000 from CTW which was timely received by HF. Defendant's exhibit two is a copy of the electronic transfer of $5,000 from CTW to HF, completed on July 31, 2013. Defendant's exhibit three is a copy of its bank statement showing a $5,000 transfer to HF. This provides evidence of satisfaction. Third and finally, the agreement must be supported by consideration. The $5,000 payment constitutes consideration. Hence, the trial

court's decision that an accord and satisfaction occurred is fully supported by the record.

{¶20} On the issue of HF's authority, there is no question that HF was ABL's agent. In fact, ABL's president admitted that HF was its agent. There is also no question that HF lacked express authority to enter into a settlement agreement with CTW. The contract between HF and ABL expressly states that HF must obtain ABL's permission before entering into a settlement. However, it appears that the magistrate solely considered whether HF had express authority and failed to consider apparent authority. Although it is unclear from the judgment entry, it appears that the trial court found that HF had such apparent authority.

{¶21} In order for a principal to be bound under the theory of apparent authority, it must be shown

> (1) [t]hat the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority.

*W.E. Lott Co. v. D.A. Intern. Casting Co.*, 3d Dist. Nos. 3-2000-02, 3-2000-03, 3-2000-04, 2000 WL 799091, *3 (June 21, 2000), citing *Master Consolidated Corp. v. BancOhio Natl. Bank*, 61 Ohio St.3d 570, 576, 575 N.E.2d 817 (1991). Thus, "[t]he

apparent power of an agent is to be determined by the acts of the principal and not by the acts of the agent." *Id.*

**{¶22}** Relevant to this issue, the magistrate cites to the testimony of Roger Myers, president of ABL, regarding ABL's relationship with HF. Myers testified that ABL entered into an agreement with HF on February 26, 2013. ABL sought to hire HF to collect debt owed to ABL. Although Myers did not personally sign the agreement, he testified that he knew of its existence. According to trial exhibits, after the agreement was signed, HF sent several letters to CTW in an attempt to collect CTW's debt. On February 27, 2013, HF sent CTW a letter stating that it represented ABL and was attempting to collect a debt of $16,962.63. On March 12, 2012, HF sent CTW a second letter attempting to collect this debt. Based on all of this evidence, ABL held HF out as an entity which had sufficient authority to collect the debt.

**{¶23}** Next, it must be shown that CTW, acting in good faith, had reason to believe and did believe that HF possessed the necessary authority to settle the debt. On appeal, CTW argues that its reliance is shown by the July 21, 2013 letter it received from HF. In relevant part, the letter states:

> Confirming our conversation, **our client is agreeable**, on an accord and satisfaction basis, to reduce your outstanding obligation owed from the amount of $16,962.63 to the amount of $5000.00 as full and final satisfaction of all money due, with regards to the above referenced matter. * * *

Upon Clearance of the aforementioned funds, all money owed to American Beauty Landscaping from CTW Development will be considered paid in full. (Emphasis added.)

(5/31/16 Objections to the Mag. Dec., Exh. 9.)

**{¶24}** Based on this language, CTW held a reasonable belief that ABL knew and approved of the proposed settlement. There is nothing in the record to demonstrate that CTW had reason to believe that HF lacked the authority to enter into the accord and satisfaction or that ABL had not consented to this agreement. ABL contends that because its contract with HF specifically requires ABL's prior approval of settlements with its debtors that this ruling in favor of CTW strips ABL of its rights under their contract with HF. This logic ignores the fact that ABL failed to join HF as a party to this suit. If a violation of contract occurred, it was HF, and not CTW, that violated the terms of the contract between HF and ABL. As CTW was not privy to the contract between ABL and HF, it cannot be held responsible for knowing the express terms of that contract. It can also not be held responsible for HF's failure to disburse any part of the $5,000 paid by CTW to ABL.

**{¶25}** The trial court did not abuse its discretion in finding that HF had apparent authority to enter into the settlement agreement. Accordingly, Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

EVEN IF THERE WERE NO ACCORD AND SATISFACTION ISSUE, THE TRIAL COURT ERRED IN ITS CALCULATION OF THE AMOUNT

DUE. THE PLAINTIFF'S WITNESS, WHO HAD PREPARED THE INVOICES, TESTIFIED THAT THE AMOUNT DUE WAS FOR LANDSCAPING SERVICES FOR TWELVE PROPERTIES OWNED BY DEFENDANT WAS $14,209.37. THE MAGISTRATE INSTEAD RELIED ON TWO UNDATED HANDWRITTEN NOTES STATING $5,506.62 AND $1,448.81 WAS DUE FOR A TOTAL OF $6,955.38 LESS THE AMOUNT OF $5,000.00 GIVEN TO HF HOLDINGS FOR A NET OF ONLY $1,955.38.

THE PLAINTIFF BELIEVES THE TRIAL COURT SHOULD HAVE ENTERED JUDGMENT IN FAVOR OF THE PLAINTIFF IN THE AMOUNT OF $14,209.37 LESS THE $5,000.00 PAID HF HOLDINGS FOR A NET OF $9,209.87 PLUS COSTS.

**{¶26}** Alternatively, ABL argues that the trial court erroneously relied on two undated invoices containing handwritten notes in determining that CTW owed no more money to ABL. According to ABL, a separate contract existed with CTW for each of the twelve CTW properties. ABL argues that these invoice notes applied only to two of the twelve properties, and so reflected only a portion of the total amount due. ABL claims that the testimony from its billing manager, Rebecca Echols, demonstrates that the total amount due was $14,209.37.

**{¶27}** CTW responds that, if this Court does not find an accord and satisfaction occurred that covered all of the debt owed by CTW to ABL, the proper

procedure is to either reinstate the magistrate's decision or remand the matter for further proceedings due to the lack of a trial transcript.

**{¶28}** As we have determined that a valid accord and satisfaction occurred in this case, this assignment of error is moot.

<u>Conclusion</u>

**{¶29}** ABL contends that the trial court erroneously overruled the magistrate's decision in its favor and found that the entire debt owed by CTW was resolved due to an accord and satisfaction. However, HF, hired by ABL to collect its debts, had apparent authority to enter into an accord and satisfaction. ABL also argues that the trial court erroneously arrived at an amount due that was substantially less than the evidence showed was actually due. This issue is moot due to the existence of an accord and satisfaction, which extinguished the entire debt. Accordingly, ABL's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.